## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| SANDRA LESLIE and DONALD WALL, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) Case No.:_____ |
| | ) |
| TRAVEL + LEISURE CO. | ) Judge_____ |
| | ) |
| and | ) |
| | ) |
| BARCLAYS BANK DELAWARE, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendants Travel + Leisure Co. and Barclays Bank Delaware ("Defendants") hereby submit their Joint Notice of Removal, removing this action pending in the Court of Common Pleas for Warren County, Ohio to the United States District Court for the Southern District of Ohio.  In support of this Joint Notice and the grounds for removal, Defendants state as follows:

## I.     NATURE OF MATTER

1.     On July 18, 2025, Plaintiff filed a civil action against Defendants in the Court of Common Pleas, Warren County, Ohio, captioned as *Sandra Leslie and Donald Wall v. Travel + Leisure Co. and Barclays Bank Delaware*, Case No. 25CV99309 (the "State Court Action").  *See* State Court Action documents, attached hereto as **Exhibit A**.

2.     A copy of the Summons and Complaint ("Compl.") were served on Defendant Barclays on July 28, 2025, and Travel + Leisure on August 5, 2025. *See* Exhibit A.

3. In their Complaint, Plaintiffs assert claims for violation of the Ohio Consumer Sales Practices Act, R.C. 1345.01, *et seq*. (Count One), violation of the Tennessee Timeshare Act (Count Two), violation of the Truth in Lending Act (TILA) (Count Three), negligent misrepresentation (Count Four), and fraudulent inducement (Count Five). *See* Exhibit A.

4. Plaintiffs' claims arise out of their execution of four separate timeshare agreements, one entered with SVC-West, LLC and three with Wyndham Vacation Resorts, Inc. ("WVR").

5. Defendants have not filed any responsive pleading to the Plaintiffs' Complaint in the State Court Action.

## II.  REMOVAL IS PROPER BASED ON FEDERAL QUESTION

6. Under 28 U.S.C. §§ 1441 and 1446, Congress has granted defendants the statutory right to remove a case from a state court to a United States district court where that case originally could have been filed. 28 U.S.C. § 1441(a).

7. Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

8. Plaintiffs have asserted a claim under the Truth in Lending Act, 15 U.S.C. 1601, *et seq*. *See* Complaint, Count One, ¶¶ 50-55.

## III.  REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

9. This Court also has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

10. Although Plaintiffs do not specifically allege whether they are citizens of any state, they do allege that they reside in the City of Maineville, Ohio. *See* Compl., ¶ 1.

11. Defendant Travel + Leisure Co. is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business in the State of Florida. *See*

Declaration of Theresa A. Orben, attached hereto as **Exhibit B**, ¶ 3. Defendant Travel + Leisure Co. is therefore a citizen of the States of Delaware and Florida. *See* 28 U.S.C. § 1332(c).

12.     Defendant Barclays Bank Delaware is a corporation organized and existing under the laws of the State of Delaware; Barclays principal place of business is also in Delaware. *See* Declaration Stephenie Beauchamp, attached hereto as **Exhibit C**, ¶ 2. Defendant Barclays is therefore a citizen of the State of Delaware. *See* 28 U.S.C. § 1332(c).

13.     The jurisdictional amount is also satisfied.

14.     Plaintiffs' Complaint seeks both damages and equitable relief. *See* Compl., p. 5.

15.     Although the Complaint does not state a specific dollar amount Plaintiffs are seeking, the "Prayer for Relief" requests equitable relief in the form of rescission. Specifically, Plaintiffs seek "recission of the timeshare contracts for the allegations contained in Count One of the Complaint" pursuant to R.C. 1345(A) and/or (B).

16.     "When a plaintiff seeks some type of equitable relief, the dollar value, for purposes of determining the amount in controversy, equals 'the value of the of the object of the litigation.'" *Reusser v. Saxon Mortg. Services, Inc.*, 2012 WL 3241973, *3 (August 3, 2012) (quoting *Hunt v. Washi. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L.Ed.2d 383 (1977)).

17.     Here, Plaintiffs' Complaint expressly alleges that they are seeking to rescind any contracts they executed with Defendants.  Plaintiffs further allege that the fourth contract Plaintiffs entered on or about January 28, 2025, "increased the total debt owed to Wyndham from $62,679.49 to $79,992.63."  *See* Compl., ¶ 46.  Accordingly, based on the face of their Complaint, if awarded their requested relief, Plaintiffs would be able to avoid, at a minimum, a debt of $79,996.63, which means that the "value of the object of the litigation" easily exceeds the jurisdictional threshold.

18.     This Court may also assert supplemental jurisdiction over Plaintiffs' state laws claims. Pursuant to 28 U.S.C. § 1367(a):

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

19.     Federal courts have jurisdiction over claims, including state-law claims, where the claims "derive from a common nucleus of operative fact" and are "such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).  In this case, given that Plaintiffs' claims are inextricably interrelated and rely on the same or similar facts, Plaintiffs' state law claims are within the Court's supplemental jurisdiction

## IV.     <u>THIS JOINT NOTICE IS PROCEDURALLY PROPER</u>

20.     This Joint Notice of Removal is timely because it was filed within thirty (30) days after the receipt of the Complaint in the State Court Action by Defendants. 28 U.S.C. § 1446(b).

21.     This action is not one which is described in 28 U.S.C. § 1445.

22.     The Court of Common Pleas for Warren County, Ohio is also located within this District and Division.

23.     Promptly after filing this Joint Notice of Removal, Defendants will file a copy of the Joint Notice of Removal with the Court of Common Pleas for Warren County, Ohio, and will serve a copy on all counsel of record. *See* 28 U.S.C. §§ 1446(a) & (d).

24.     Defendants are not aware of any other process, pleadings, or other materials being served upon Defendants in the State Court Action, other than those included in Exhibit A attached hereto.

25.     Accordingly, removal of the State Court Action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 is proper because this Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331,1332 and 1367.

WHEREFORE, Defendants remove the above-captioned civil action from the Court of Common Pleas, Warren County, Ohio, to the United States District Court for the Southern District of Ohio.

Respectfully submitted,

/s/ Alex X. Shadley
Alex X. Shadley, *Trial Attorney* (0100801)
Vorys, Sater, Seymour and Pease LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, Ohio 45202
Tel:     (513) 723-4000
Fax:     (513) 723-4056
Email: axshadley@vorys.com

Kimberly Weber Herlihy (0068668)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008
Email: kwherlihy@vorys.com


David A. Jermann (MO # 51389)
(*to be admitted Pro Hac Vice*)
Armstrong Teasdale LLP
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108-2617
Tel:     (816) 221-3420
Fax:     (816) 221-0786
Email: djermann@armstrongteasdale.com

*Attorneys for Defendants Travel + Leisure Co. and Barclays Bank Delaware*

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 26, 2025, a true and accurate copy of the foregoing was served via electronic mail upon the following:

Brent S. Snyder
Brian D. Flick
Marc E. Dann
Marita I. Ramirez
DannLaw
15000 Madison Avenue
Lakewood, OH 44107
Email: notices@dannlaw.com

*Attorneys for Plaintiffs*

*/s/ Alex X. Shadley*_____
Alex X. Shadley